**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1276-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALEXANDER ALFARO,

     Defendant-Appellant.

_____

Submitted November 19, 2019 – Decided December 10, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 08-09-2688.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant was convicted in 2011 of murder, felony murder, conspiracy to commit robbery, and armed robbery, for his participation – along with five co-defendants – in the events on a Newark playground on the evening of August 4, 2007, that left three dead and only one survivor. Defendant was sentenced to an aggregate prison term of 212 years. The evidence upon which defendant was convicted was outlined in our opinion disposing of defendant's direct appeal – we rejected all the arguments he then raised – and need not be repeated here. State v. Alfaro, No. A-6163-10 (App. Div. Nov. 12, 2013), certif. denied, 217 N.J. 623 (2014).

The judge who presided over the lengthy trial also ruled on defendant's post-conviction relief (PCR) petition. To assist in his determination of the issues raised, the judge conducted a two-day evidentiary hearing in January 2017, during which defendant's trial and appellate counsel both testified, as did the two assistant prosecutors who represented the State at trial; defendant did not testify. By way of his March 10, 2017 written decision, the judge rejected all defendant's ineffective-assistance-of-counsel arguments in denying the PCR petition.

Defendant appeals, arguing the judge erred in rejecting his claims that he was denied the effective assistance of counsel because his trial counsel: (1)

failed to convey the State's plea offer, and (2) failed to seek the removal of a juror. He argues the judge also erred in rejecting his ineffectiveness claim because his appellate counsel did not: (3) argue in the direct appeal that he was prejudiced by testimony about his tattoos; (4) argue in the direct appeal that the judge erred in precluding testimony about when defendant obtained a tattoo in light of the prosecution's suggestion that the dice tattoo[1] memorialized the murders; and (5) failed to argue either in this court on direct appeal or in seeking certification in the Supreme Court that State ex rel. P.M.P., 200 N.J. 166 (2009),[2] should be applied retroactively so as to be applicable in this case. We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth by

---

[1] The tattoo was described as a pair of dice in flames showing the numbers one and three. On cross-examination, defendant was asked what the numbers stood for and he said "13," but equivocated when asked whether it reflected his membership in the MS-13 gang. The prosecutor then asked whether it referred "to the victims . . . [t]hree dead, one alive"? Defendant denied this.

[2] The Court held in P.M.P., 200 N.J. at 178, that the issuance of juvenile complaints and a judicially approved arrest warrant triggered the critical stage in the proceeding, and, therefore, questioning the juvenile in the absence of counsel requires suppression of his subsequent statements. Defendant was sixteen at the time of the crimes; his custodial statements, which were admitted in evidence, were made prior to the Court's P.M.P. decision.

A-1276-17T4

Judge Michael L. Ravin in his thorough and well-reasoned written decision. We add only the following few comments.

In rejecting the first argument, the judge determined from the testimony provided by one of the assistant prosecutors that there were "no substantive plea negotiations," only "plea chatter." Moreover, the judge found "there was no realistic possibility of the parties reaching a plea agreement," because "the State would not accept a plea agreement that did not include [defendant] testifying against his codefendants," and, according to defense counsel, defendant "would not testify against his codefendant[s] for fear of repercussions." Also, because of the strength of the State's case, both assistant prosecutors testified at the PCR hearing that the State "had little interest in a plea agreement." We agree with the PCR judge, based on his findings derived from the testimony he found credible, that there was no evidence of trial counsel acting below professional norms in this regard.

Defendant's second argument concerns trial counsel's decision not to seek a juror's removal. The testimony revealed that this juror stated during jury selection that she had never been accused of an offense; this statement proved untruthful because it was later learned that the juror had been so accused on three occasions. The PCR judge concluded that the reason for not seeking the

juror's removal represented a sound strategic approach to the situation. Strickland v. Washington, 466 U.S. 668, 689 (1984); State v. Pierre, 223 N.J. 560, 579 (2015). The prior charges against the juror were revealed to be minor in nature and, in the view of defendant's trial attorney, the juror was "treated harshly by [the prosecution] when questioned about her criminal history" during voir dire. We have been presented with no principled reason for second-guessing the PCR judge's finding that defense counsel's strategy was objectively reasonable.

We also agree with Judge Ravin's analysis as to the third and fourth arguments. There is no doubt that the prosecution had a right to elicit testimony regarding defendant's tattoos – defendant does not dispute this – and there was no abuse of discretion in the rulings that precluded testimony about when defendant obtained the dice tattoo to rebut a suggestion that the tattoo was intended to memorialize the killings. Even if there was a legitimate argument to be made about the tattoo questioning, we agree with the judge that this evidence "played an insignificant role in [defendant's] conviction, particularly given the strength of the State's evidence," so that appellate counsel's decision not to pursue this on appeal could not be held to be ineffective.

A-1276-17T4

We lastly turn to the fifth argument, in which defendant contends appellate counsel was ineffective in failing to seek the Supreme Court's determination as to whether P.M.P. was correctly held inapplicable here because it represented a new rule that was only entitled to prospective application. In an interlocutory appeal pursued by both defendant and co-defendant Baskerville, we rejected defendant's arguments that P.M.P. should have been applied even though defendant's statement was given to police on August 10, 2007, and P.M.P. was decided by the Supreme Court nearly two years later, on July 29, 2009. State v. Baskerville, Nos. 4209-09 and 4410-09 (App. Div. Oct. 19, 2010) (slip op. at 22-28). The Supreme Court thereafter denied defendant's motion for leave to appeal our ruling. Then, in defendant's direct appeal, we considered and rejected arguments that the statements should have been excluded for other reasons. Alfaro, slip op. at 12-15. The Court denied certification. 217 N.J. 286.

It may be true that appellate counsel did not argue in defendant's petition for certification of our decision on the direct appeal that P.M.P. should have been applied here. But that argument was presented to the Supreme Court in defendant's earlier motion for leave to appeal our 2010 interlocutory decision. The Supreme Court denied that motion, thereby declining the opportunity to

A-1276-17T4

consider the very argument that defendant now claims his appellate counsel should have reasserted in the later certification petition.

We are also mindful that the Court had another opportunity to consider P.M.P.'s retroactivity after we held in an unrelated published decision that: "(1) P.M.P. announced a new rule; (2) its purpose is not furthered by retroactive application; (3) law enforcement officials, in good faith, have relied upon the old rule in conducting custodial interrogations of juveniles; and (4) without doubt, retroactive application would have a significant impact upon the administration of justice." State v. Hodge, 426 N.J. Super. 321, 325 (App. Div. 2012). When Hodge was later convicted, he appealed and we affirmed by way of an unpublished opinion, State v. Hodge, No. A-1177-13 (App. Div. Apr. 29, 2016), which was followed by the Supreme Court's denial of certification, 228 N.J. 426 (2016).

As can be seen, the Supreme Court twice declined the opportunity to consider our holdings that P.M.P. should only apply prospectively. So, it seems highly likely that the Court would not have granted certification to consider that issue had appellate counsel included such an argument in defendant's petition for certification after we decided the direct appeal. We conclude – as did the

PCR judge – that appellate counsel was not ineffective for failing to urge – for the second time – his argument that P.M.P. should be given retroactive effect.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1276-17T4